IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMHOTEP A. MUHAMMAD,<br>Plaintiff | : | No. 1:25cv1342 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| CHIEF DEPUTY WARDEN<br>LIONEL PIERRE, *et al.*<br>Defendants | : | |

## ORDER

Plaintiff Imhotep A. Muhammad proceeds *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983 with a motion for leave to proceed *in forma pauperis* ("IFP") pending. On July 22, 2025, Muhammad filed an eighty-five (85) page complaint against at least thirty-four (34) named defendants alleging various violations of his constitutional rights at the Dauphin County Prison. (Doc. 1). Before the court is a Report and Recommendation ("R&R") from Chief Magistrate Judge Daryl F. Bloom dated August 13, 2025, which recommends conditionally granting the IFP motion but dismissing the complaint without prejudice to Muhammad filing an amended complaint. (Doc. 4).

By way of brief background, the complaint has two separate components. First, it details events at the Dauphin County Prison initially stemming from Muhammad witnessing his cellmate experience a seizure. Id. ¶¶ 41, 45. Subsequently, Muhammad suffered a severe anxiety attack and fainted. Id. He

alleges that he injured his head and face and chipped his front tooth. Id. Instead of immediate medical care, Muhammad alleges that he received mockery from the on-duty guard and nurse and then interrogation from Defendant Lieutenant Emanuel Rose in a holding area. Id. ¶ 43. The complaint alleges that Defendant Rose insinuated that Muhammad was lying about the cause of his injuries. Id. Per Muhammad, Rose dismissed plaintiff's account of the incident as "bullshit" and suggested that plaintiff and his cellmate were fighting. Id.

After completing an investigation and determining that Muhammad's story was truthful, Defendant Rose ordered the plaintiff to return to the same cell with the cellmate who had experienced the earlier seizure. Id. ¶ 44. Less than an hour after being returned to that cell, Muhammad witnessed his cellmate suffer from another seizure. Id. ¶ 45. After medical staff removed the cellmate, Muhammad alleges that Defendant Rose began spreading false rumors claiming that the plaintiff and the cellmate had been fighting. Id.

Regarding his own medical issues, Muhammad alleges that a prison dentist examined his broken teeth and prescribed antibiotics. Id. ¶ 46. Muhammad contends that such treatment did not address ongoing issues with swelling, pain, dizziness, nausea, or concussion symptoms. Id. Per the complaint, Muhammad was later prescribed an over-the-counter pain reliever, but otherwise received substandard care. Id. ¶¶ 46–47. Muhammad alleges that he made multiple

2

requests to receive medical care, which went unanswered. Id. ¶ 46. According to the plaintiff, he was unable to file grievances against medical staff until January 6, 2023, approximately one month after his injuries. Id. ¶ 47. At that point, Muhammad alleges that Dauphin County Prison medical staff and Defendant Lieutenant Rose finally took notice of his injuries, which include persistent dizziness and vertigo, difficulty with concentration, memory loss, and emotional distress. Id. ¶¶ 47–48. From witnessing his cellmate's seizures, Muhammad also alleges that he suffers from anxiety, depression, post traumatic stress disorder, paranoia, nightmares, and mood swings. Id. ¶ 49.

As for the second component of the complaint, Muhammad further asserts claims related to the conditions at Dauphin County Prison. Muhammad alleges that he experienced: 1) prolonged isolation; 2) inadequate recreation; 3) unhygienic and unsafe living conditions; 4) inadequate and unsanitary food; 5) unsafe and decrepit facilities; 6) a faulty grievance system; 7) pest infestations; 8) inadequate medical and dental care; and 9) an inadequate means of communicating with family members and legal representatives. Id. ¶¶ 53-1 to 53-8.

From these two different classes of allegations, the complaint contains twelve separate counts under Section 1983 for violation of Muhammad's First, Fifth, Eighth, and Fourteenth Amendment rights.

3

The Clerk of Court assigned this matter to Chief Magistrate Judge Bloom, who reviewed Muhammad's complaint. (Doc. 4). The chief magistrate judge recommends dismissal of the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the R&R concludes that Muhammed fails to adequately allege any conduct specific to the three-dozen or so named defendants, other than Defendant Lieutenant Rose, which violates the well-established rule that a defendant in a civil rights action must have personal involvement. (Doc. 4 at 8–9 (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

As for the specific facts asserted against Defendant Lieutenant Rose, the R&R construes such allegations as asserting an Eighth Amendment claim related to deliberate indifference to a serious medical need. Id. at 9–12. The R&R also construes the complaint as attempting to assert Section 1983 claims against Dauphin County and PrimeCare, the prison health provider. Id. at 12–13. After reviewing the law related to such claims, Chief Magistrate Judge Bloom concludes that the facts in the complaint, as pled, are insufficient to proceed. Id. at 9-13.

Pursuant to the Rules of Court for the Middle District of Pennsylvania, Muhammad had fourteen (14) days to object to the R&R. M.D. PA. L.R. 72.3. No objections to the R&R have been filed and the time for such filing has passed.

4

Muhammad is no longer incarcerated. The Clerk of Court has not docketed any return mail from the United States Postal Service. The R&R is thus ready for review.

In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court thus finds neither clear error on the face of the record nor a manifest injustice in Chief Magistrate Judge Bloom's analysis, and therefore, the court will accept the R&R and adopt it in its entirety. Plaintiff's complaint will be dismissed without prejudice for failure to state a claim. As for the recommendation that Muhammad be provided leave to file an amended complaint within twenty-one (21) days, the court will add a caveat. Muhammad is further advised that the failure to file an amended complaint within the period provided by the court will result in dismissal of his Section 1983 claims with prejudice for failure to comply with a court order and failure to prosecute this case.

Accordingly, it is hereby **ORDERED** as follows:

1) The R&R, (Doc. 4), is **ADOPTED**;

2) Plaintiff's motion for leave to proceed IFP, (Doc. 2), is **GRANTED**;

3) Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim;

4) Plaintiff's Section 1983 claims are **DISMISSED** without prejudice to the filing of an amended complaint so long as it complies with Rule 8 of the Federal Rules of Civil Procedure and addresses the deficiencies identified in the R&R;

5) Plaintiff shall file any amended complaint within twenty-one (21) days of the date of this order; and

6) If plaintiff fails to file an amended complaint, the court will dismiss all claims against all defendants with prejudice.

Date: 9/3/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court