IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMHOTEP A. MUHAMMAD,<br>Plaintiff | : | No. 1:25cv1342 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| | : | |
| CHIEF DEPUTY WARDEN<br>LIONEL PIERRE, *et al.*,<br>Defendants | : : : | |

## ORDER

Before the court is a Report and Recommendation ("R&R") from Chief Magistrate Judge Daryl F. Bloom, which recommends dismissal of Plaintiff Imhotep A. Muhammad's amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 9). Previously, the court adopted an earlier R&R ("first R&R") dismissing Muhammad's original *pro se* civil rights complaint without prejudice and with leave to file an amended complaint. (Doc. 5). Subsequently, Muhammad filed objections to the First R&R and a motion to amend the complaint with a proposed amended complaint. (Doc. 6). The court overruled plaintiff's objections to the first R&R as untimely. (Doc. 8). However, the court also granted plaintiff's motion to amend, deemed the proposed amended complaint as the operative amended complaint, and referred the pleading to Chief Magistrate Judge Bloom for review under 28 U.S.C. § 1915(e)(2). Id.

The current R&R observes that plaintiff's amended complaint "asserts virtually the same claims as his initial complaint" except that plaintiff has now dropped certain defendants from the litigation. (See Doc. 8 at 3). Consequently, per Chief Magistrate Judge Bloom, the amended complaint continues to suffer from the same issues as the first complaint, namely the failure to adequately allege any conduct specific to the numerous named defendants, which violates the well-established rule that a defendant in a civil rights action must have personal involvement. Id. at 10–11 (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Like the initial complaint, Muhammad's amended complaint alleges facts against a certain defendant, Lieutenant Rose. However, as with plaintiff's first attempt at stating a plausible claim against this defendant for deliberate indifference to a serious medical need, the R&R concludes that, as alleged, the claim fails as a matter of law. Id. at 11–14.

Finally, the current R&R recommends dismissing the amended complaint with prejudice based on plaintiff's failure to correct the defects cited in the first R&R. Id. at 14–15. According to Chief Magistrate Judge Bloom's review of both pleadings. Muhammad filed an amended complaint merely reiterating his prior allegations instead of addressing the issues cited by the court in the first R&R. Id. at 14. Additionally, the current R&R concludes that the plaintiff's amended complaint is virtually identical to a prior complaint filed by the plaintiff as a

2

purported class action. Id. at 4 n.1 (citing Muhammad, et al., v. Pierre, et al., Civ. No. 1:24-CV-2077). In the prior case, Chief Magistrate Judge Bloom determined that the complaint failed to allege any specific conduct by the individual defendants, i.e., the same issues present with Muhammad's complaint and amended complaint in this case. Id. Upon review of that case, the Honorable Jennifer P. Wilson adopted the recommendations of Chief Magistrate Judge Bloom to dismiss the action. Id.

The current R&R was issued on October 14, 2025. Pursuant to the Rules of Court for the Middle District of Pennsylvania, Muhammad had fourteen (14) days to object to the R&R. M.D.Pa. L.R. 72.3. No objections to the R&R have been filed and the time for such filing has passed. Muhammad is no longer incarcerated. The Clerk of Court has not docketed any return mail from the United States Postal Service. The R&R is thus ready for review.

In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After reviewing Muhammad's amended complaint and comparing it to his original complaint and the complaint filed at No. 1:24-CV-2077, the court finds neither clear error on the face of the record nor a manifest injustice in Chief Magistrate Judge Bloom's analysis, and therefore, the court will accept the R&R and adopt it in its entirety.

Chief Magistrate Judge Bloom has advised the plaintiff on two occasions in two different cases that his allegations failed to state a claim upon which relief could be granted. "The general rule…is that courts need not provide substantive legal advice to pro se litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). On each occasion, however, the previously issued R&Rs provided explanations to the plaintiff as to federal court pleading requirements and the need to explain which of the numerous named defendants committed the acts allegedly violative of the plaintiff's constitutional rights. Based on the continued failure by the plaintiff to address these issues, amendment would be futile. At this point, plaintiff would presumably continue making the same deficient allegations over and over again. Therefore, as recommended by the R&R, Muhammad's amended complaint will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** that:

1) The R&R, (Doc. 9), is **ADOPTED**;

2) Plaintiff Imhotep A. Muhammad's amended complaint, (Doc. 7), is **DISMISSED** with prejudice; and

3) The Clerk of Court is directed to close this case.

Date: 11/6/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court